IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**ANTHONY WOODS, Individually and on Behalf of All Others Similarly Situated**                                     **PLAINTIFFS**

vs.                                                                 No. 4:19-cv-4569

**CENIKOR FOUNDATION**                                                                                          **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Anthony Woods ("Plaintiff"), by and through his attorneys Joshua West and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendant Cenikor Foundation (hereafter "Defendant" or "Cenikor"), and in support thereof does hereby state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, as a result of Defendants' practice of failing to pay Plaintiff and all others similarly situated minimum wage compensation and overtime compensation for the hours in excess of forty (40) hours in each single week that he was made to work.

### II.   JURISDICTION AND VENUE

2. The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because

this suit raises federal questions under the FLSA.

3. Defendant conducts business within the State of Texas, operating alcohol and drug treatment centers within the Houston Division of the Southern District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III. THE PARTIES

4. Plaintiff repeats and re-alleges all preceding paragraphs of this Original Complaint as though fully set forth herein.

5. Plaintiff Anthony Woods is an individual and resident of Everman, Texas.

6. Defendant Cenikor Foundation, is a domestic, non-profit corporation existing under and by virtue of the laws of the State of Texas, providing products and services in relation with alcohol and drug addiction treatment and behavioral health.

7. Cenikor Foundation maintains a website at https://www.cenikor.org/

8. Defendant's registered address for service is by way of Bill Bailey, 11931 Wickchester Lane, Suite 300, Houston, Texas 77043.

9. Upon information and belief, Defendant has an annual gross revenue exceeding $500,000.00.

10. At all relevant times, Defendant had at least two employees who engaged in the business of providing care for residents, or engaged in the production of goods or services for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

11. At all relevant times, Defendant required its employees, clients, and/or patients, including Plaintiff and those similarly situated, to engage in "workforce development," requiring them to work with affiliated employers in the local community,

where they worked with goods or materials that moved in interstate commerce.

12. Defendant has locations in both Texas and Louisiana. At all relevant times, Defendant handled items such as money, vehicles, phones, and supplies that moved in interstate commerce.

## IV.   FACTUAL ALLEGATIONS

13. Plaintiff repeats and re-alleges all preceding paragraphs of this Original Complaint as though fully incorporated herein.

14. At all relevant times, Defendant was an "employer" of Plaintiff and similarly situated employees within the meaning of the FLSA.

15. At all relevant times, Plaintiff and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA.

16. At all relevant times, Defendant failed to pay Plaintiff and those similarly situated minimum wage as required by the FLSA, 29 U.S.C. § 206.

17. Defendant failed to pay Plaintiff and other similarly situated employees for up to, and possibly exceeding, twenty (20) hours of overtime per week.

18. At all relevant times, Defendant deprived Plaintiff and similarly situated employees of regular wages and overtime compensation for all of the hours worked over forty (40) per week.

19. Within three years prior to the filing of this Original Complaint, Cenikor required Plaintiff Woods and others similarly situated to perform employment duties as part of its workforce development program with employers affiliated with Cenikor and refused to provide them with compensation.

20. From November of 2018 to December of 2018, Plaintiff Woods was required

to travel from Cenikor to Wheel Banks and operate a forklift to load heavy machinery onto a flatbed semi-truck or 18-wheel tractor-trailer. Wheel Banks paid Cenikor for Plaintiff's work, but Plaintiff never received any compensation. Plaintiff Woods regularly worked between 50 and 60 hours per week between November of 2018 and December of 2018.

21. From January of 2019 to August of 2019, Plaintiff Woods was required to travel from Cenikor to ATCO Rubber Products, Inc, and load air conditioning units and parts onto trucks. ATCO Rubber Products, Inc. paid compensation to Cenikor for Plaintiff's work, but Plaintiff Woods never received any compensation. Plaintiff Woods regularly worked 40 hours per week and occasionally worked over 40 hours per week between January of 2019 and August of 2019.

22. Defendants failure to pay Plaintiffs wages owed was willful.

23. Defendant knew or should have known that the job duties of Plaintiff required Plaintiff to work hours in excess of forty per week, yet Defendant failed and refused to compensate Plaintiff for his work, including overtime work as required by the FLSA.

24. At all relevant times, Defendant was aware of the minimum wage requirements and overtime requirements of the FLSA.

### V. REPRESENTATIVE ACTION ALLEGATIONS

25. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

26. Plaintiff brings claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendants as similarly situated salaried employees at

any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek;

B. Liquidated damages; and

C. The costs of this action, including attorney's fees.

27. Plaintiff proposes the following class under the FLSA:

**All Cenikor employees, clients and patients required to work without lawful compensation in the last three years.**

28. In conformity with the requirements of FLSA Section 16(b), Plaintiffs have filed or will soon file written Consents to Join this lawsuit.

29. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

30. The proposed FLSA class members are similarly situated in that they share these traits:

A. They were not paid a minimum wage for all hours worked;

B. They were not paid proper overtime wages as required by the FLSA;

C. They worked more than 40 hours in some weeks;

D. They were all forced to work by Cenikor in exchange for treatment and/or living accommodation and had substantially similar recordkeeping and pay deductions.

31. Plaintiff is unable to state the exact number of the class but believe that there are many other who were not paid a minimum wage and whose overtime hourly rates were unlawfully withheld.

32. Defendants can readily identify the members of the Section 16(b) class, which encompasses all hourly and salaried employees.

33. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendants.

## VI.   FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

34. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

35. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, et seq.

36. At all times relevant to this Complaint, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

37. At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

38. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

39. At all times relevant to this Complaint, Defendant failed to pay Plaintiff the minimum wage required by the FLSA.

40. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times his regular

rate of pay for all hours worked over forty (40) in each week.

41. Defendants failure to pay Plaintiff all overtime wages owed was willful.

42. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII.   SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

43. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

44. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, et seq.

45. At all times relevant times to this Complaint, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

46. All times relevant to this Complaint, Defendant failed to pay Plaintiff and all others similarly situated the minimum wage required by the FLSA.

47. Despite the entitlement of Plaintiff and those similarly situated to overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each one-week period.

48. Defendant willfully failed to pay overtime wages to Plaintiff and to others similarly situated.

49. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VIII. THIRD CAUSE OF ACTION
### (Alternative Violation of the Texas Minimum Wage Act)

50. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

51. In the alternative to his claims under the FLSA, Plaintiff brings this claim under the Texas Minimum Wage Act.

52. Texas Labor Code § 62.051 requires Texas employers to pay all employees at least the minimum wage required by the FLSA, 29 U.S.C. § 206.

53. Plaintiff's hours worked for Defendant were such that his effective hourly rate was below the applicable minimum wage.

54. By reason of Defendant's failure to pay Plaintiff the applicable minimum wage, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all intentional violations that occurred within the three (3) years prior to the filing of this Complaint.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff, on behalf of himself and all others similarly situated, respectfully pray that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A.  An order conditionally certifying the collective action alleged in this Complaint or as further defined by Plaintiffs' Motion and directing notice to be sent to the putative class members;

B.  A declaratory judgment that Defendants' practices alleged herein violate the FLSA and their relating regulations;

C.  Judgment for damages for all unpaid overtime compensation under the FLSA and their relating regulations;

D.  Judgment for liquidated damages pursuant to the FLSA and their relating regulations;

E.  An order directing Defendant to pay Plaintiff and all others similarly situated prejudgment interest, a reasonable attorney's fee and all costs; and

F.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF ANTHONY WOODS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Joshua West*
Joshua West
Ark. Bar No. 2012121
west@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com